| | |
|---|---|
| Christina L. Saveriano<br>Eric I. Abraham<br>HILL WALLACK, LLP<br>21 Rozel Road<br>Princeton, NJ 08543<br>Telephone: (609) 924-0808<br>Facsimile: (609) 452-1888 | Of Counsel:<br>Bryan S. Hales<br>Alyse Wu<br>Kyle M. Kantarek<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200 |
| Stefan M. Miller<br>KIRKLAND & ELLIS LLP<br>601 Lexington Ave.<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 | Sean M. McEldowney<br>KIRKLAND & ELLIS LLP<br>655 15th St., N.W.<br>Washington, DC 20005<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200 |

*Attorneys for Defendants-Counter Claimants*
*Sandoz Inc. and Alcon Laboratories, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Allergan Sales, LLC<br>Allergan, Inc.,<br><br>   Plaintiffs-Counter<br>   Defendants,<br><br> v.<br><br>Sandoz Inc.<br>Alcon Laboratories, Inc.,<br><br>   Defendants-Counter<br>   Claimants. | Civil Action No.: 2:17-cv-10129<br>(WHW-CLW)<br><br>*Filed Electronically* |

## SANDOZ INC.'S AND ALCON LABORATORIES, INC.'S UNOPPOSED MOTION TO STAY PENDING APPEAL

To conserve judicial resources and further the efficient litigation of this case, Defendants Sandoz Inc. and Alcon Laboratories, Inc. ("Sandoz") respectfully submit this unopposed motion for entry of an order staying proceedings until the United States Court of Appeals for the Federal

–1–

Circuit issues its opinion in the pending appeal from this Court's order on claim construction and granting a preliminary injunction. *Allergan Sales, LLC v. Sandoz Inc.*, Fed. Cir. No. 2018-2207. The parties have discussed the efficiency of staying the case, and Plaintiffs Allergan Sales, LLC and Allergan, Inc. ("Allergan") have represented that they will not oppose this motion.

Allergan has certain concerns about the potential impact of further delaying the final resolution of this matter. However, in exchange for Sandoz's agreement that it will not use the stay, or the delay caused by the stay, in connection with its defense to Allergan's infringement claims or in support of Sandoz's counterclaims, Allergan does not oppose Sandoz's motion.

Allergan has sued Sandoz for infringement of three patents concerning treatments for glaucoma or ocular hypertension. Dkts. 1, 66. On July 13, 2018, this Court entered an order construing several terms, including "wherein" clauses, in the claims of Allergan's asserted patents and granting Allergan's motion for a preliminary injunction. Dkts. 154, 155. Sandoz has appealed from that order, and filed its opening brief on October 1, 2018. Proceedings are ongoing in this Court, although the parties have requested an extension of pending deadlines. Dkt. 183, 185.

This Court has discretion to stay proceedings pending resolution of the appeal, and there is good cause to do so here. The case is still in a relatively early stage; fact discovery has not closed, and no trial date is set. The Federal Circuit's opinion is also likely to result in a focusing of the issues for later stages of this case, including trial. On appeal, one of Sandoz's principal arguments for reversal of the preliminary injunction will be the proper construction of the "wherein" clauses in the patent claims. *See* Dkt. 154 at 9-15. Because the construction of a patent's claims is the first step in determining whether the claims are infringed or invalid, the Federal Circuit's decision on the construction of the "wherein" clauses could materially affect the

parties' arguments with respect to invalidity and infringement, as well as the breadth of relevant discovery and other proceedings before this Court.  *See, e.g.*, *Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*, 589 F.3d 1179, 1183 (Fed. Cir. 2009) ("Literal infringement first requires the trial court to interpret the claims to determine their scope and meaning."); *TI Grp. Automotive Sys. (N. Am.), Inc. v. VDO N. Am., L.L.C.*, 375 F.3d 1126, 1139 (Fed. Cir. 2004) ("Our validity analysis is a two-step procedure:  The first step involves the proper interpretation of the claims.").  Indeed, the parties to this case have specifically acknowledged that the construction of the "wherein" clauses here could substantially narrow the issues in dispute.  *See* Dkt. 115 at 1 (Sandoz: "The Asserted Patents' obviousness is a foregone conclusion if the Court concludes the 'wherein' clauses are non-limiting statements of intended results."); Dkt. 69 at 2 (Allergan: "The Federal Circuit, in addressing similar claims in related patents covering Combigan® that also included "wherein" clauses, found not only that those clauses were limiting, but that the claims of prior patents were not invalid precisely because of the limitations in those "wherein" clauses.").  Staying the action in this Court will promote efficient litigation and conserve judicial resources by minimizing the risk of duplicative proceedings if the Federal Circuit reverses on this key claim-construction issue.

      For the foregoing reasons, Sandoz requests that the Court stay proceedings in this Court until after the Federal Circuit issues its opinion in the pending appeal.

DATED:  October 26, 2018	Respectfully submitted,

/s/Christina L. Saveriano

Christina L. Saveriano
Eric I. Abraham
HILL WALLACK, LLP
21 Rozel Road
Princeton, NJ 08543
Telephone: (609) 924-0808
Facsimile: (609) 452-1888