**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALLERGAN SALES, LLC and ALLERGAN, INC.<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>SANDOZ, INC. and ALCON LABORATORIES, INC.<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 2:17-cv-10129 CCC-MF |

**STIPULATION AND ORDER AMENDING PRETRIAL SCHEDULING ORDER (D.E. 213) AND TO BIFURCATE AND STAY DISCOVERY AND TRIAL OF DEFENDANTS' ANTITRUST COUNTERCLAIMS**

This stipulation is made by and between Plaintiffs Allergan Sales, LLC and Allergan, Inc. (collectively, "Plaintiffs") and Defendants Sandoz, Inc. and Alcon Laboratories, Inc. (collectively, "Defendants") (Plaintiffs and Defendants collectively referred to as "the parties").

WHEREAS, on April 17, 2018, Defendants filed an Amended Answer to Plaintiffs' Complaint, which included Affirmative Defenses and Counterclaims (Counts 1–18). (D.E. 73);

WHERAS, on May 22, 2018, Plaintiffs filed their Motion to Dismiss Defendants' Inequitable Conduct and Antitrust Counterclaims and to Strike Defendants' Tenth Affirmative Defense, or Alternatively to Bifurcate and Stay Defendants' Antitrust Counterclaims (D.E. 112), which Motion remains pending;

WHEREAS, this case was stayed on October 29, 2018 (D.E. 189) pending an interlocutory appeal of this Court's order regarding claim construction, and granting Plaintiffs' motion for a preliminary injunction (D.E. 154);

WHEREAS, the mandate from the Federal Circuit's affirmance of this Court's claim construction and preliminary injunction order issued on October 7, 2019 (D.E. 197);

WHEREAS, on January 8, 2020, the Court entered a Pretrial Scheduling Order (D.E. 213);

WHEREAS, the parties agree that an extension of certain deadlines is appropriate, particularly in light of COVID-19, to permit the parties to complete discovery;

WHEREAS, good cause exists to modify the Pretrial Scheduling Order;

WHEREAS, the parties have further agreed that, to promote efficiency for both the parties and the Court, Defendants' Counterclaims Counts 15–18 (together, the "Antitrust Counterclaims") should be bifurcated and stayed from the other claims and defenses at issue in the above-captioned action, and depending on the resolution of those other claims and defenses, one or more or all of the Antitrust Counterclaims shall be dismissed or remain subject to additional or renewed motion practice before the stay is lifted as set out below;

NOW THEREFORE, the parties, by and through their respective undersigned counsel, and subject to the approval of the Court, stipulate and agree as follows:

1.      The Antitrust Counterclaims (Counts 15–18) shall be bifurcated from the other claims and defenses at issue in the case (referred to as the "Patent Claims and Defenses"). Discovery and trial unique to the Antitrust Counterclaims (Counts 15–18) shall be stayed until after the Patent Claims and Defenses have been adjudicated to finality.  For purposes of this Stipulation and Order, adjudication will be considered final upon the conclusion of any appeals on behalf of Plaintiffs or Defendants to this Court's ruling on the Patent Claims and Defenses.

2.      If Plaintiffs prevail on any of the Patent Claims, Defendants will dismiss their Antitrust Counterclaims with prejudice.  For the purposes of this Stipulation, Plaintiffs will prevail if any one of the asserted Patent Claims is found infringed and not invalid and/or unenforceable.

3.      If Plaintiffs prevail on Defendants' counterclaims related to inequitable conduct, then Defendants will dismiss their Fifteenth Counterclaim for Walker Process Fraud with prejudice.  For the purposes of this Stipulation, Plaintiffs will prevail on inequitable conduct if any one asserted Patent Claim is found not unenforceable, even if Defendants are successful in proving non-infringement or invalidity of that claim.

4.      Nothing in this Stipulation, however, precludes Plaintiffs from arguing for dismissal of Defendants' Antitrust Counterclaims even if Plaintiffs do not prevail on their Patent Claims.

5.      If discovery on the Antitrust Counterclaims should need to resume following final adjudication of the Patent Claims and Defenses, that discovery will continue from where the parties have left off as of the date of this Stipulation.  All of the limits on written discovery and depositions that are currently in place will continue to apply. The deadline to serve written discovery has already expired, and the parties will not seek to serve additional written discovery on the Antitrust Counterclaims.

6.      The Court's Pretrial Scheduling Order (D.E. 213) is amended as follows.  The following dates apply only to the Patent Claims and Defenses, and not to the Antitrust Counterclaims, which are bifurcated and stayed:

| Event | Original Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery Closes | May 1, 2020 | August 14, 2020 |
| Opening Expert Reports | June 3, 2020 | September 16, 2020 |
| Rebuttal Expert Reports | July 1, 2020 | October 29, 2020 |
| Reply Expert Reports | | November 19, 2020 |
| Expert Discovery Closes | August 1, 2020 | December 18, 2020 |
| Pretrial Conference | Q1 2021 | Q1 2021 |
| Trial | Q2 2021 | Q2 2021 |

7.      The parties otherwise reserve all of their rights, claims, and defenses.

Dated: May 1, 2020                              Respectfully submitted,

By:___*s/Eric I. Abraham*_____          By:___*s/Liza M. Walsh*_____
    Eric I. Abraham                           Liza M. Walsh
    eabraham@hillwallack.com                  lwalsh@thewalshfirm.com
    HILL WALLACK LLP                          Eleonore Ofosu-Antwi
    21 Roszel Road                            eofosuantwi@thewalshfirm.com
    Princeton, NJ 08540                       WALSH PIZZI O'REILLY FALANGA
Tel: (609) 924-0808                             LLP
                                              Three Gateway Center
Of Counsel:                                     100 Mulberry Street, 15th Floor
    Bryan Hales                               Newark, NJ 07102
    bhales@kirkland.com                       Telephone: (973) 757-1100
    Alyse Wu                                  Facsimile: (973) 757-1090
    alyse.wu@kirkland.com
    Kyle M. Kantarek                       Of Counsel:
    kyle.kantarek@kirkland.com                Jonathan E. Singer
    KIRKLAND & ELLIS LLP                      singer@fr.com
    300 North LaSalle                         FISH & RICHARDSON P.C.
    Chicago, IL 60654                         12390 El Camino Real
    Tel: (312) 862 2119                       San Diego, CA 92130
                                              Tel.: (858) 678-5070
    Sean M. McEldowney (*pro hac vice*)
    smceldowney@kirkland.com                  Susan E. Morrison
    KIRKLAND & ELLIS LLP                      morrison@fr.com
    655 Fifteenth Street, N.W.                Douglas McCann
    Washington, D.C. 20005 5793               dmccann@fr.com
    Telephone: (202) 879 5000                 Robert M. Oakes
                                              oakes@fr.com
    *Attorneys for Defendants and*            FISH & RICHARDSON P.C.
    *Counterclaim-Plaintiffs Sandoz Inc. and* 222 Delaware Avenue, 17th Floor
    *Alcon Laboratories, Inc.*                P.O. Box 1114
                                              Wilmington, DE 19899-1114
                                              Tel.: (302) 652-5070

                                              Deanna J. Reichel
                                              reichel@fr.com
                                              FISH & RICHARDSON P.C.
                                              60 S. 6th Street, Suite 3200
                                              Minneapolis, MN 55402
                                              Tel.:  (612) 335-5070

                                              Eric S. Hochstadt
                                              eric.hochstadt@weil.com

Lisa Madalone
lisa.madalone@weil.com
WEIL, GOTSHAL & MANGES LP
767 Fifth Avenue
New York, NY 10153
  Tel:  (212) 310-8000

*Attorneys for Plaintiffs Allergan Sales,
LLC and Allergan, Inc.*

SO ORDERED this _4__ day of ___May_____, 2020.

_____

Hon. Mark Falk, U.S.M.J.